## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **BRUCE SIZEMORE, TYLER BEYER, KORY GAUSEN and JOHN MONICA** individually and on behalf of all persons similarly situated, | : : : : : : | **Civil Action No.:** **Complaint— Class and Collective Action** **Jury Trial Demanded** |
| **Plaintiffs,** | : : | **ELECTRONICALLY FILED** |
| **v.** | : : | |
| **SCIENTIFIC DRILLING INTERNATIONAL, INC.** | : : : | |
| **Defendant.** | : : | |

### CLASS AND COLLECTIVE ACTION COMPLAINT

Plaintiffs Bruce Sizemore, Tyler Beyer, Kory Gausen, and John Monica (collectively, "Plaintiffs"), through their undersigned counsel, individually and on behalf of all persons similarly situated, file this Complaint against Defendant Scientific Drilling International, Inc. ("Defendant" or "Scientific Drilling") seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq.* and the laws of the states of Pennsylvania, Illinois, Kentucky, New York, Ohio, West Virginia, Colorado and North Dakota. The following allegations are based on personal knowledge as to Plaintiffs' own conduct and on information and belief as to the acts of others.

Despite the fact that Plaintiffs spend the vast majority of their time performing non-exempt tasks and do not have responsibilities that bring them within any exemption, Defendant willfully misclassifies them as exempt, and fails to pay them overtime compensation when they work over forty (40) hours in a workweek, as required by the FLSA and the laws of the states of Pennsylvania, Illinois, Kentucky, New York, Ohio, West Virginia, Colorado and North Dakota. Plaintiffs seek relief to remedy Defendant's willful failure to pay all wages due, and failure to

pay appropriate overtime compensation.  Plaintiffs seek all available relief under the FLSA and the laws of the states of Pennsylvania, Illinois, Kentucky, New York, Ohio, West Virginia, Colorado and North Dakota.

## JURISDICTION AND VENUE

1.      Jurisdiction over Plaintiffs' FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

2.      This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state law claims because those claims derive from a common nucleus of operative facts.

3.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events giving rise to Plaintiffs' and Class Members claims occurred within this judicial district.  Plaintiff Sizemore and other Class Members performed work in this judicial district and were paid pursuant to Scientific Drilling's unlawful pay policy in this judicial district, and Scientific Drilling routinely conducts business in this judicial district.  Scientific Drilling maintains district offices in Charleroi, Pennsylvania and in Finleyville, Pennsylvania.

4.      Venue in this Court is also proper pursuant to 28 U.S.C. §§ 1391(b)(1) & (d) in that Scientific Drilling resides in this judicial district and is subject to personal jurisdiction in this judicial district.

## PARTIES

5.      Plaintiff Bruce Sizemore is an individual currently residing in Princeton, West Virginia.  Plaintiff Sizemore was employed as a Field Surveyor Technician ("Surveyor") with Scientific Drilling, performing manual labor on oil and gas rigs.  He reported to Scientific Drilling's Finleyville, Pennsylvania branch office between approximately March of 2009 and May 2014.  He worked for Scientific Drilling, primarily in Pennsylvania in this District, and also

worked for Scientific Drilling in West Virginia, Mississippi, Louisiana, Virginia, New York, Indiana, Illinois, Kentucky, Ohio and Texas between approximately November 2008 and May 2014. Particularly, he worked in Pennsylvania between March 2009 and May 2014, Illinois in 2010, in Kentucky between January 2010 and December 2010, in New York between January 2010 and December 2010, in Ohio between March 2011 and May 2014, and West Virginia between March 2010 and May 2014. Pursuant to 29 U.S.C. § 216(b), Plaintiff Sizemore has consented in writing to being a Plaintiff in this action (attached hereto as Exhibit A).

6.      Plaintiff Tyler Beyer is an individual currently residing in Mills, Wyoming. Plaintiff Beyer was employed as a Surveyor with Scientific Drilling, performing manual labor on oil and gas rigs. He reported to Scientific Drilling's Casper, Wyoming branch office between approximately January 2008 and September 2010 and between approximately June 2012 and October 2013. He worked for Scientific Drilling in Wyoming, North Dakota, Colorado, Montana and South Dakota between approximately January 2008 and September 2010 and also between approximately June 2012 and October 2013. Particularly, Plaintiff Beyer worked in North Dakota and Colorado between June 2012 and October 2013. Pursuant to 29 U.S.C. § 216(b), Plaintiff Beyer has consented in writing to being a Plaintiff in this action (attached hereto as Exhibit B).

7.      Plaintiff Kory D. Gausen is an individual currently residing in Casper, Wyoming. Plaintiff Gausen was employed as a Surveyor with Scientific Drilling, performing manual labor on oil and gas rigs. He reported to Scientific Drilling's Casper, Wyoming branch office between approximately February 2010 and April 2014. He worked for Scientific Drilling in Wyoming, North Dakota and Colorado between approximately February 2010 and April 2014. Particularly he worked in North Dakota between February 2010 and April 2014, and in Colorado between

October 2013 and April 2014. Pursuant to 29 U.S.C. § 216(b), Plaintiff Gausen has consented in writing to being a Plaintiff in this action (attached hereto as Exhibit C).

8.      Plaintiff John Monica is an individual currently residing in Billings, Montana. Plaintiff Monica was employed as a Surveyor with Scientific Drilling, performing manual labor on oil and gas rigs. He worked for Scientific Drilling in North Dakota between approximately June 2013 and November 2014, Colorado between approximately April 2014 and September 2014, Montana between approximately July 2013 and October 2013, and Wyoming between approximately March 2014 and December 2014. He reported to Scientific Drilling's Casper, Wyoming branch office between approximately May 2013 and December 8, 2014. Pursuant to 29 U.S.C. § 216(b), Plaintiff Monica has consented in writing to being a Plaintiff in this action (attached hereto as Exhibit D).

9.      Defendant Scientific Drilling, Inc. ("Defendant" or "Scientific Drilling") is incorporated in Texas and maintains its headquarters in Houston, Texas. Scientific Drilling is an "independent directional drilling and wellbore navigation, surveying and logging service company." *Our Company*, SCIENTIFIC DRILLING INT'L, INC., http://scientificdrilling.com/our-company (last visited Mar. 5, 2015). Scientific Drilling operates throughout the United States and abroad, including in this judicial district.

10.     Scientific Drilling employed Plaintiffs and continues to employ similarly situated employees.

11.     Scientific Drilling employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

4

12.    Scientific Drilling's annual gross volume of business exceeds $500,000.

13.    Scientific Drilling is not an independently owned and controlled local enterprise

within the meaning of 29 U.S.C. § 207(b)(3).

## CLASS DEFINITIONS

14.    Plaintiffs bring Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as an FLSA

collective action on behalf of themselves and the following class of potential opt-in litigants:

> All individuals who are current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who have worked in the field and have been paid pursuant to a salary plus day rate (also known as "field bonus") compensation plan, in the United States from March 27, 2012 to the present, including but not limited to Field Surveyor Technicians ("Surveyors") and those in similarly titled positions (the "FLSA Class").  The FLSA Class excludes individuals with the job title of MWD ("Measurement While Drilling"), and excludes all employees at the upper-management level or above.

15.    Plaintiff Sizemore also brings this lawsuit for Counts II and III as a class action

pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All individuals who are current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who have worked in the field and have been paid pursuant to a salary plus day rate (also known as "field bonus") compensation plan, in Pennsylvania from March 27, 2011 [1] to the present, including but not limited to Field Surveyor Technicians ("Surveyors") and those in similarly titled positions (the "Pennsylvania Class").  The Pennsylvania Class excludes individuals with the job title of MWD ("Measurement While Drilling"), and excludes all employees at the upper-management level or above.

16.    Plaintiff Sizemore also brings this lawsuit for Count IV as a class action pursuant

to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All individuals who are current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who have worked in the field and have been paid pursuant to a salary plus day rate (also known as "field bonus") compensation plan, in Kentucky from March 27, 2010 [2] to the present, including

---

[1] The statute of limitations on Plaintiff Sizemore's unjust enrichment claim is four years under Pennsylvania law.  Accordingly, Count III of the Complaint goes back to March 27, 2011.
[2] The statute of limitations on Plaintiff Sizemore's wage claim is five years under Kentucky law.  Accordingly, Count IV of the Complaint goes back to March 27, 2010.

but not limited to Field Surveyor Technicians ("Surveyors") and those in similarly titled positions (the "Kentucky Class"). The Kentucky Class excludes individuals with the job title of MWD ("Measurement While Drilling"), and excludes all employees at the upper-management or above.

17.    Plaintiff Sizemore also brings this lawsuit for Counts V as a class action pursuant

to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All individuals who are current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who have worked in the field and have been paid pursuant to a salary plus day rate (also known as "field bonus") compensation plan, in New York from March 27, 2010[3] to the present, including but not limited to Field Surveyor Technicians ("Surveyors") and those in similarly titled positions (the "New York Class"). The New York Class excludes individuals with the job title of MWD ("Measurement While Drilling"), and excludes all employees at the upper-management level or above.

18.    Plaintiff Sizemore also brings this lawsuit for Counts VI and VII as a class action

pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All individuals who are current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who have worked in the field and have been paid pursuant to a salary plus day rate (also known as "field bonus") compensation plan, in Ohio from March 27, 2011[4] to the present, including but not limited to Field Surveyor Technicians ("Surveyors") and those in similarly titled positions (the "Ohio Class"). The Ohio Class excludes individuals with the job title of MWD ("Measurement While Drilling"), and excludes all employees at the upper-management or above.

19.    Plaintiff Sizemore also brings this lawsuit for Counts VIII and IX as a class action

pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of himself and the following class:

> All individuals who are current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who have worked in the field and have been paid pursuant to a salary plus day rate (also known as "field bonus") compensation plan, in West Virginia from March 27, 2010[5] to the present,

---

[3] The statute of limitations on Plaintiff Sizemore's wage claim is six years under New York law. Accordingly, Count V of the Complaint goes back to March 27, 2010.

[4] The statute of limitations on Plaintiff Sizemore's unjust enrichment claim is four years under Ohio law. Accordingly, Count VII of the Complaint goes back to March 27, 2011.

[5] The statute of limitations on Plaintiff Sizemore's unjust enrichment is five years under West Virginia law. Accordingly, Count IX of the Complaint goes back to March 27, 2010.

including but not limited to Field Surveyor Technicians ("Surveyors") and those in similarly titled positions (the "West Virginia Class"). The West Virginia Class excludes individuals with the job title of MWD ("Measurement While Drilling"), and excludes all employees at the upper-management or above.

20.     Plaintiffs Beyer, Gausen and Monica also bring this lawsuit for Count X as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of themselves and the following class:

All individuals who are current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who have worked in the field and have been paid pursuant to a salary plus day rate (also known as "field bonus") compensation plan, in Colorado from March 27, 2012 to the present, including but not limited to Field Surveyor Technicians ("Surveyors") and those in similarly titled positions (the "Colorado Class"). The Colorado Class excludes individuals with the job title of MWD ("Measurement While Drilling"), and excludes all employees at the upper-management or above.

21.     Plaintiffs Beyer, Gausen and Monica bring Counts XI and XII of this lawsuit as a class action pursuant to FED. R. CIV. P. 23(a) and (b)(3), on behalf of themselves and the following class:

All individuals who are current or former employees of Scientific Drilling International, Inc. ("Scientific Drilling") who have worked in the field and have been paid pursuant to a salary plus day rate (also known as "field bonus") compensation plan, in North Dakota from March 27, 2013 to the present, including but not limited to Field Surveyor Technicians ("Surveyors") and those in similarly titled positions (the "North Dakota Class"). The North Dakota Class excludes individuals with the job title of MWD ("Measurement While Drilling"), and excludes all employees at the upper-management or above.

22.     The FLSA Class, Pennsylvania Class, Illinois Class, Kentucky Class, New York Class, Ohio Class, West Virginia Class, Colorado Class and North Dakota Class are together referred to as the "Classes."

23.     Plaintiffs reserve the right to re-define the Classes prior to notice or class certification, and thereafter, as necessary.

## FACTS

24.      Scientific Drilling employs Surveyors, such as Plaintiffs, who perform wellbore surveys and readings after drilling is completed on oil and gas rigs for Scientific Drillings' clients in the oil and gas, mining, and geothermal industries throughout the United States, including in Pennsylvania and this judicial District.

25.      From November 2008 through approximately May 2014, Plaintiff Sizemore was employed as a Surveyor with Scientific Drilling, performing wellbore surveys and readings after drilling was completed on oil and gas rigs in Pennsylvania, West Virginia, Mississippi, Louisiana, Virginia, New York, Indiana, Illinois, Kentucky, Ohio and Texas.  Particularly, he worked in Pennsylvania between March 2009 and May 2014, Illinois in 2010, in Kentucky between January 2010 and December 2010, in New York between January 2010 and December 2010, in Ohio between March 2011 and May 2014, and West Virginia between March 2010 and May 2014.

26.      From June 2008 through September 2010 and from June 2012 through October 2013, Plaintiff Beyer was employed as a Surveyor with Scientific Drilling, performing wellbore surveys and readings after drilling was completed on oil and gas rigs in Wyoming, North Dakota, Colorado, Montana and South Dakota.  Particularly, Plaintiff Beyer worked in North Dakota and Colorado between June 2012 and October 2013.

27.      From February 2010 through April 2014, Plaintiff Gausen was employed as a Surveyor with Scientific Drilling, performing wellbore surveys and readings after drilling was completed on oil and gas rigs in Wyoming, North Dakota and Colorado.  Particularly he worked in North Dakota between February 2010 and April 2014 and in Colorado between October 2013 and April 2014.

28.    Plaintiff Monica was employed as a Surveyor with Scientific Drilling, performing wellbore surveys and readings after drilling was completed on oil and gas rigs in North Dakota between approximately June 2013 and November 2014, Colorado between approximately April 2014 and September 2014, Montana between approximately July 2013 and October 2013, and Wyoming between approximately March 2014 and December 2014.  He reported to the Casper, Wyoming branch between approximately May 2013 and December 2014.

29.    Plaintiffs and the Classes are primarily engaged in routine manual labor duties such as assembling ("rigging up") and disassembling ("rigging down") tools, loading and unloading trucks with equipment, and driving between jobs, assembling and calibrating survey tools, conducting surveys pursuant to prescribed guidelines, and handling, tracking, readjusting and maintaining oil surveying equipment.

30.    The rigs on which Plaintiffs and the Classes work are not used as a means of transportation.

31.    Despite the fact that Plaintiffs and the Classes perform non-exempt work, Defendant misclassifies them as exempt from the overtime pay mandates of the FLSA and corresponding state wage and hour laws.

32.    Plaintiffs and the Classes are not required to obtain a degree or education in an advanced field of science.  Rather, the typical minimum basic requirements for Surveyors include a high school diploma or GED equivalent.

33.    Plaintiffs and the Classes are blue collar workers.  They rely on their hands, physical skills, and energy to perform routine manual labor in the oilfield.  Scientific Drilling requires them to have mechanical, non-technical skills such as lifting and carrying heavy equipment, bending repeatedly assembling and taking apart equipment.

9

34.     Plaintiffs and the Classes exercise little to no discretion in performing their jobs. Rather, Plaintiffs and the Classes perform duties that are specifically assigned to them by their managers at the rig sites, such as rigging up and rigging down equipment, conducting wellbore surveys, maintaining tools and equipment, collecting wellbore drilling data, and submitting daily reports.

35.     Plaintiffs and the Classes also apply their knowledge of oil and gas drilling to follow prescribed procedures or determine which procedure to follow when rigging up and rigging down equipment and troubleshooting and fixing survey tools.

36.     Plaintiffs and the Classes have no input as to staffing jobs or setting production goals.  All decisions regarding staffing and production are handled by upper-level managers.

37.     Plaintiffs and the Classes do not manage a customarily recognized department or subdivision of Scientific Drilling.

38.     Plaintiffs and the Classes do not direct the work of any other full-time employees or their equivalent.

39.     Plaintiffs and the Classes have no discretion to hire or fire employees.   All decisions regarding hiring and firing are handled by upper-level managers.

40.     Plaintiffs and the Classes have no authority to discipline or promote employees. All decisions regarding discipline or promotions are handled by upper-level managers.

41.     Plaintiffs and the Classes have no authority to enter into agreements or contracts with clients or customers.  All decisions regarding customer agreements or contracts are handled by upper-level managers.

42.     Plaintiffs and the Classes typically work weeks, sometimes months, on end, moving from job to job, often with no days off in between jobs.

43.     Plaintiffs and the Classes have no independent authority to spend company funds.

44.     Plaintiffs and the Classes are paid a fixed salary per week, regardless of the number of hours worked each week.

45.     In addition, Plaintiffs and the Classes are paid a lump sum for each day they work in the field.  This lump sum is known as a "day rate" or "field bonus."

46.     Plaintiffs and the Classes are also eligible to receive and do receive additional payments, such as car allowances and *per diem* payments.

47.     Scientific Drilling did not pay Plaintiffs and the Classes any compensation for hours worked over forty (40) per workweek.

48.     Scientific Drilling, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the Classes for all their overtime hours worked by misclassifying Plaintiffs and the Classes as employees exempt from the requirements of the FLSA and corresponding state wage and hour laws.

49.     Plaintiffs routinely worked six (6) or seven (7) days per week at a minimum of ten (10) hours or more per day, up to about twenty (20) hours per day.  Plaintiffs observed that the members of the Classes routinely worked similar schedules, which is common in the industry.

50.     As an international oil and gas service provider, with thirteen branch locations throughout the United States, there is no question that Scientific Drilling has access to human resource expertise and legal counsel who can advise Scientific Drilling on its FLSA and state wage and hour law compliance obligations.

51.     Scientific Drilling acted willfully and/or with reckless disregard of the applicable FLSA and state wage and hour law provisions, by failing to properly compensate Plaintiffs and the Classes for hours worked in excess of forty (40) during the workweek.

52.    Furthermore, Scientific Drilling failed to properly track, monitor or record the actual number of hours per day that the FLSA Class members worked, as required by the FLSA. *See* 29 U.S.C.A. § 211(c); 29 C.F.R. §§ 516.5(a), 516.6(a)(1), 516.2(c) (requiring employers to maintain payroll records for three years and time sheets for two years, including the exact number of hours worked each day and each week).

## COLLECTIVE ACTION ALLEGATIONS

53.    Plaintiffs bring this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Class, as defined above.

54.    Plaintiffs desire to pursue their FLSA claim on behalf of any individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

55.    Plaintiffs and the FLSA Class are "similarly situated," as that term is used in 29 U.S.C. § 216(b), because, *inter alia*, all such individuals worked pursuant to Scientific Drilling's previously described common business practices and, as a result of such practices, were not paid the full and legally mandated overtime premium for hours worked over forty (40) during the workweek.  Resolution of this action requires inquiry into common facts, including, *inter alia*, Scientific Drilling's common compensation, timekeeping and payroll practices.

56.    Specifically, Scientific Drilling paid Plaintiffs and the FLSA Class a set salary per week and a set amount of pay per day, regardless of the number of hours worked, and failed to pay overtime as required by law.

57.    The similarly situated employees are known to Scientific Drilling, are readily identifiable, and may be located through Scientific Drilling's records and the records of any payroll companies that Scientific Drilling utilizes.  Scientific Drilling employs many salary plus day rate employees (including many Surveyors) throughout the United States.  These similarly

situated employees may be readily notified of this action through direct U.S. mail and/or other appropriate means, and allowed to opt into it pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest), and attorneys' fees and costs under the FLSA.

## CLASS ACTION ALLEGATIONS

58.     Plaintiffs also bring this action as a class action pursuant to FED. R. CIV. P. 23 on behalf of themselves and the members of the Pennsylvania Class, Illinois Class, Kentucky Class, Ohio Class, New York Class, West Virginia Class, Colorado Class and North Dakota Class (together, the "State Law Classes"), as defined above.

59.     The members of each of the State Law Classes are so numerous that joinder of all members is impracticable.

60.     Plaintiffs will fairly and adequately represent and protect the interests of the State Law Classes because there is no conflict between the claims of Plaintiffs and those of the State Law Classes, and Plaintiffs' claims are typical of the claims of the State Law Classes.  Plaintiffs' counsel are competent and experienced in litigating class actions and other complex litigation matters, including wage and hour cases like this one.

61.     There are questions of law and fact common to the proposed State Law Classes, which predominate over any questions affecting only individual Class members, including, without limitation: whether Scientific Drilling has violated and continues to violate Pennsylvania, Illinois, Kentucky, New York, Ohio, West Virginia, Colorado and North Dakota law through its common policy or practice of not paying its non-managerial salary plus day rate employees who work in the field, overtime compensation.

62.     Plaintiffs' claims are typical of the claims of the State Law Classes in the

following ways: 1) Plaintiff Sizemore is a member of the Pennsylvania Class, Illinois Class, Kentucky Class, New York, Class, Ohio Class, and West Virginia Class; and Plaintiffs Beyer, Gausen and Monica are members of the Colorado Class and North Dakota Class; 2) Plaintiffs' claims arise out of the same policies, practices and course of conduct that form the basis of the claims of the State Law Classes; 3) Plaintiffs' claims are based on the same legal and remedial theories as those of the State Law Classes and involve similar factual circumstances; 4) there are no conflicts between the interests of Plaintiffs and members of the State Law Classes; and 5) the injuries suffered by Plaintiffs are similar to the injuries suffered by members of the State Law Classes.

63.    Class certification is appropriate under FED. R. CIV. P. 23(b)(3) because questions of law and fact common to the State Law Classes predominate over any questions affecting only individual Class members.

64.    Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein.  Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.  No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.  The State Law Classes are readily identifiable from Scientific Drilling's own employment records.  Prosecution of separate actions by individual members of the State Law Classes would create the risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Scientific Drilling.

65.     A class action is superior to other available methods for adjudication of this controversy because joinder of all members is impractical.  Further, the amounts at stake for many of the members of the State Law Classes, while substantial, are not great enough to enable them to maintain separate suits against Scientific Drilling.

66.     Without a class action, Scientific Drilling will retain the benefit of its wrongdoing, which will result in further damages to Plaintiffs and the State Law Classes.

67.     Plaintiffs envision no difficulty in the management of this action as a class action.

### COUNT I
### Violation of the FLSA
### (On behalf of Plaintiffs and the FLSA Class)

68.     All previous paragraphs are incorporated as though fully set forth herein.

69.     The FLSA requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* 29 U.S.C. § 207(a)(1).

70.     The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee...." 29 U.S.C. § 203(d).

71.     Scientific Drilling is subject to the wage requirements of the FLSA because Scientific Drilling is an "employer" under 29 U.S.C. § 203(d).

72.     At all relevant times, Scientific Drilling is an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

73.     During all relevant times, Plaintiffs and the FLSA Class are covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

74.     Plaintiffs and the FLSA Class are not exempt from the requirements of the FLSA.

75.    Plaintiffs and the FLSA Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

76.    Scientific Drilling, pursuant to its policies and practices, failed and refused to pay overtime premiums to Plaintiffs and the FLSA Class for all their overtime hours worked by misclassifying Plaintiffs and the FLSA Class as employees exempt from the requirements of the FLSA.

77.    Scientific Drilling knowingly failed to compensate Plaintiffs and the FLSA Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

78.    Scientific Drilling also failed to make, keep and preserve records with respect to Plaintiffs and the FLSA Class sufficient to determine their wages, hours, and other conditions of employment, in violation of the FLSA, 29 U.S.C. §§ 201, *et seq.*

79.    In violating the FLSA, Scientific Drilling acted willfully and with reckless disregard of clearly applicable FLSA provisions.

## COUNT II
## Violation of the Pennsylvania Minimum Wage Act
## (On Behalf of Plaintiff Sizemore and the Pennsylvania Class)

80.    All previous paragraphs are incorporated as though fully set forth herein.

81.    The Pennsylvania Minimum Wage Act of 1968 ("PMWA") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed. *See* 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

82.    The PMWA defines "employer" broadly to include "any person or group of persons acting, directly or indirectly, in the interest of an employer in relation to any employee."

43 P.S. § 333.103(g).

83.    Scientific Drilling is subject to the wage requirements of the PMWA because Scientific Drilling is an "employer" under 43 P.S. § 333.103(g).

84.    During all relevant times, Plaintiff Sizemore and the Pennsylvania Class are covered employees entitled to the above-described PMWA's protections. *See* 43 P.S. § 333.103(h).

85.    Plaintiff Sizemore and the Pennsylvania Class are not exempt from the requirements of the PMWA.

86.    Plaintiff Sizemore and the Pennsylvania Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 43 P.S. § 333.104(c) and 34 Pa. Code § 231.41.

87.    Scientific Drilling willfully violated Plaintiff Sizemore and the Pennsylvania Class' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for all hours worked by them in excess of forty (40) in a workweek in violation of the PMWA, specifically 34 Pa. Code §§ 231.41 and 231.43(b).

88.    Scientific Drilling, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff Sizemore and the Pennsylvania Class for all their overtime hours worked by misclassifying Plaintiff Sizemore and the Pennsylvania Class as employees exempt from the requirements of the PMWA.

89.    Scientific Drilling's PMWA violations have caused Plaintiff Sizemore and the Pennsylvania Class irreparable harm for which there is no adequate remedy at law.

90.    Scientific Drilling also failed to make, keep and preserve records with respect to

Plaintiff Sizemore and the Pennsylvania Class sufficient to determine their wages, hours, and other conditions of employment, in violation of 43 P.S. § 333.108 and 34 Pa. Code § 231.31.

91.    Pursuant to 43 P.S. § 333.113, employers, such as Scientific Drilling, who intentionally fail to pay an employee wages in conformance with the PMWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

92.    In violating the PMWA, Scientific Drilling acted willfully and with reckless disregard of clearly applicable PMWA provisions.

**COUNT III**
**Unjust Enrichment Under Pennsylvania Law**
**(On Behalf of Plaintiff Sizemore and the Pennsylvania Class)**

93.    All previous paragraphs are incorporated as though fully set forth herein.

94.    Scientific Drilling has received and benefited from the uncompensated labors of Plaintiff Sizemore and the Pennsylvania Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

95.    At all relevant times hereto, Scientific Drilling devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Sizemore and the Pennsylvania Class without paying overtime compensation for all hours worked.

96.    Contrary to all good faith and fair dealing, Scientific Drilling induced Plaintiff Sizemore and the Pennsylvania Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

97.    By reason of having secured the work and efforts of Plaintiff Sizemore and the Pennsylvania Class without paying overtime compensation as required by law Scientific Drilling enjoyed reduced overhead with respect to their labor costs, and therefore realized additional

earnings and profits to its own benefit and to the detriment of Plaintiff Sizemore and the Pennsylvania Class.

98.    Scientific Drilling retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

99.    Plaintiff Sizemore and the Pennsylvania Class are entitled to judgment in an amount equal to the benefits unjustly retained by Scientific Drilling.

## COUNT IV
### Violation of Kentucky Wage Laws
#### (On behalf of Plaintiff Sizemore and the Kentucky Class)

100.    All previous paragraphs are incorporated as though fully set forth herein.

101.    Overtime compensation due to Kentucky workers is governed by Kentucky Revised Statutes ("Kentucky Wage Laws"), KY. REV. STAT. ANN. § 337.285 and 803 KY. ADMIN. REGS. 1:060.

102.    Kentucky Wage Laws require that non-resident employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* KY. REV. STAT. ANN. § 337.285 and 803 KY. ADMIN. REGS. 1:060.

103.    Scientific Drilling is subject to the wage requirements of Kentucky Wage Laws because Scientific Drilling is an "employer" under KY. REV. STAT. ANN. § 337.010(1)(d).

104.    During all relevant times, Plaintiff Sizemore and the Kentucky Class are covered employees entitled to the above-described protections under Kentucky Wage Laws. *See* KY. REV. STAT. ANN. § 337.010(1)(e).

105.    Plaintiff Sizemore and the Kentucky Class are not exempt from the requirements of Kentucky Wage Laws.

106.    Plaintiff Sizemore and the Kentucky Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to KY. REV. STAT. ANN. § 337.285 and 803 KY. ADMIN. REGS. 1:060.

107.    Scientific Drilling willfully violated Plaintiff Sizemore and the Pennsylvania Class' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for all hours worked by them in excess of forty (40) in a workweek in violation of the Kentucky Wage Laws, specifically KY. REV. STAT. ANN. § 337.285 and 803 KY. ADMIN. REGS. 1:060.

108.    Scientific Drilling, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff Sizemore and the Kentucky Class for all their overtime hours worked by misclassifying Plaintiff Sizemore and the Kentucky Class as employees exempt from the requirements of the Kentucky Wage Laws.

109.    Scientific Drilling's Kentucky Wage Laws violations have caused Plaintiff Sizemore and the Kentucky Class irreparable harm for which there is no adequate remedy at law.

110.    Scientific Drilling also failed to make, keep and preserve records with respect to Plaintiff Sizemore and the Kentucky Class sufficient to determine their wages, hours, and other conditions of employment, in violation of KY. REV. STAT. ANN. § 337.320 and 803 KY. ADMIN. REGS. 1:066.

111.    Pursuant to KY. REV. STAT. ANN. § 337.385, employers, such as Scientific Drilling, who intentionally fail to pay an employee wages in conformance with the Kentucky Wage Laws shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

112.    As a result of Scientific Drilling's willful violations of the Kentucky Wage Laws, Plaintiff Sizemore and the Kentucky Class are entitled to recover from Scientific Drilling their unpaid overtime wages together with the costs of suit.

**COUNT V**
**Violation of New York Minimum Wage Act**
**(On behalf of Plaintiff Sizemore and the New York Class)**

113.    All previous paragraphs are incorporated as though fully set forth herein.

114.    Overtime compensation due to New York workers is governed by New York Labor Law ("NYLL"), N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

115.    NYLL requires that non-resident employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

116.    NYLL requires that resident employees be compensated for all hours worked in excess of forty-four (44) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

117.    Scientific Drilling is subject to the wage requirements of the NYLL because Scientific Drilling is an "employer" under N.Y. LAB. LAW § 651(6).

118.    During all relevant times, Plaintiff Sizemore and the New York Class are covered employees entitled to the above-described NYLL's protections. *See* N.Y. LAB. LAW § 651(5) and N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.14.

119.    Plaintiff Sizemore and the New York Class are not exempt from the requirements of the NYLL.

120.    Scientific Drilling is required by NYLL to pay Plaintiff Sizemore and the New York Class time and one-half (1 ½) the regular rate of pay for any work in excess of forty (40)

hours for non-residents and forty-four (44) hours for residents pursuant to N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

121.    Scientific Drilling willfully violated Plaintiff Sizemore and the New York Class' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay their regular rate of pay to which they are entitled under N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2.

122.    Specifically, Scientific Drilling, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff Sizemore and the New York Class for all their overtime hours worked by misclassifying Plaintiff Sizemore and the New York Class as employees exempt from the requirements of the NYLL.

123.    Scientific Drilling's NYLL violations have caused Plaintiff Sizemore and the New York Class irreparable harm for which there is no adequate remedy at law.

124.    Scientific Drilling also failed to make, keep and preserve records with respect to Plaintiff Sizemore and the New York Class sufficient to determine their wages, hours, and other conditions of employment, in violation of N.Y. LAB. LAW § 661 and N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6.

125.    Pursuant to N.Y. LAB. LAW § 663, employers, such as Scientific Drilling, who intentionally fail to pay an employee wages in conformance with the NYLL shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

126.    In violating the NYLL Scientific Drilling acted willfully and with reckless disregard of clearly applicable NYLL provisions.

## COUNT VI
### Violation of Ohio Wage Laws

**(On behalf of Plaintiff Sizemore and the Ohio Class)**

127.    All previous paragraphs are incorporated as though fully set forth herein.

128.    Overtime compensation due to Ohio workers is governed by Ohio Revised Code ("ORC"), OHIO REV. CODE ANN. § 4111.03.

129.    ORC requires that employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* OHIO REV. CODE ANN. § 4111.03.

130.    The ORC defines "employer" broadly to include "any person or group of persons acting in the interest of an employer in relation to any employee." OHIO REV. CODE ANN. § 4111.03(2).

131.    Scientific Drilling is subject to the wage requirements of the ORC because Scientific Drilling is an "employer" under OHIO REV. CODE ANN. § 4111.03(2).

132.    During all relevant times, Plaintiff Sizemore and the Ohio Class are covered employees entitled to the above-described ORC's protections. *See* OHIO REV. CODE ANN. § 4111.03(3).

133.    Plaintiff Sizemore and the Ohio Class are not exempt from the requirements of the ORC.

134.    Plaintiff Sizemore and the Ohio Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to OHIO REV. CODE ANN. § 4111.03.

135.    Scientific Drilling willfully violated Plaintiff Sizemore and the Ohio Class' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for all hours worked by them in excess

of forty (40) in a workweek in violation of ORC, specifically OHIO REV. CODE ANN. § 4111.03.

136.    Scientific Drilling, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff Sizemore and the Ohio Class for all their overtime hours worked by misclassifying Plaintiff Sizemore and the Ohio Class as employees exempt from the requirements of ORC.

137.    Scientific Drilling's ORC violations have caused Plaintiff Sizemore and the Ohio Class irreparable harm for which there is no adequate remedy at law.

138.    Scientific Drilling also failed to make, keep and preserve records with respect to Plaintiff Sizemore and the Ohio Class sufficient to determine their wages, hours, and other conditions of employment, in violation of OHIO REV. CODE ANN. § 4111.08 and OHIO ADMIN. CODE 4141.21-01.

139.    Pursuant to OHIO REV. CODE ANN. § 4111.10(A), employers, such as Scientific Drilling, who intentionally fail to pay an employee wages in conformance with the ORC shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

140.    As a result of Scientific Drilling's willful violations of Ohio law, Plaintiff Sizemore and the Ohio Class are entitled to recover from Scientific Drilling their unpaid overtime wages together with the costs of suit.

**COUNT VII**
**Unjust Enrichment Under Ohio Law**
**(On behalf of Plaintiff Sizemore and the Ohio Class)**

141.    All previous paragraphs are incorporated as though fully set forth herein.

142.    Scientific Drilling has received and benefited from the uncompensated labors of Plaintiff Sizemore and the Ohio Class, such that to retain said benefit without compensation

would be inequitable and rise to the level of unjust enrichment.

143.    At all relevant times hereto, Scientific Drilling devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Sizemore and the Ohio Class without paying overtime compensation for all hours worked.

144.    Contrary to all good faith and fair dealing, Scientific Drilling induced Plaintiff Sizemore and the Ohio Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

145.    By reason of having secured the work and efforts of Plaintiff Sizemore and the Ohio Class without paying overtime compensation as required by law, Scientific Drilling enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Sizemore and the Ohio Class.

146.    Scientific Drilling retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

147.    Plaintiff Sizemore and the Ohio Class are entitled to judgment in an amount equal to the benefits unjustly retained by Scientific Drilling.

**COUNT VIII**
**Violation of the West Virginia Minimum Wages and**
**Maximum Hours Standards for Employees Act**
**(On Behalf of Plaintiff Sizemore and the West Virginia Class)**

148.    All previous paragraphs are incorporated as though fully set forth herein.

149.    The West Virginia Minimum Wages and Maximum Hours Standards for Employees Act ("MWMHS") requires that covered employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* W. VA. CODE § 21-5C-3.

150.    Scientific Drilling is subject to the wage requirements of the MWMHS because Scientific Drilling is an "employer" under W. VA. CODE § 21-5C-1(e).

151.    During all relevant times, Plaintiff Sizemore and the West Virginia Class were covered employees entitled to the above-described MWMHS protections.

152.    Plaintiff Sizemore and the West Virginia Class are not exempt from the requirements of the MWMHS.

153.    Plaintiff Sizemore and the West Virginia Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to W. VA. CODE § 21-5C-3.

154.    Scientific Drilling willfully violated Plaintiff Sizemore and the West Virginia Class' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for all hours worked by them in excess of forty (40) in a workweek in violation of the MWMHS, specifically W. VA. CODE § 21-5C-3.

155.    Scientific Drilling, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiff Sizemore and the West Virginia Class for all their overtime hours worked by misclassifying Plaintiff Sizemore and the West Virginia Class as employees exempt from the requirements of the MWMHS.

156.    Scientific Drilling's MWMHS violations have caused Plaintiff Sizemore and the West Virginia Class irreparable harm for which there is no adequate remedy at law.

157.    Scientific Drilling also failed to make, keep and preserve records with respect to Plaintiff Sizemore and the West Virginia Class sufficient to determine their wages, hours, and other conditions of employment, in violation of W. VA. CODE § 21-5C-5 and W. Va. Code R. §

42-8-4.

158.    Pursuant to W. Va. Code § 21-5C-8, employers, such as Scientific Drilling, who intentionally fail to pay an employee wages in conformance with the MWMHS shall be liable to the employee for the wages or expenses that were intentionally not paid, liquidated damages, court costs and attorneys' fees incurred in recovering the unpaid wages.

159.    In violating the MWMHS, Scientific Drilling acted willfully and with reckless disregard of clearly applicable MWMHS provisions.

**COUNT IX**
**Unjust Enrichment Under West Virginia Law**
**(On Behalf of Plaintiff Sizemore and the West Virginia Class)**

160.    All previous paragraphs are incorporated as though fully set forth herein.

161.    Scientific Drilling has received and benefited from the uncompensated labors Plaintiff Sizemore and the West Virginia Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

162.    At all relevant times hereto, Scientific Drilling devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiff Sizemore and the West Virginia Class without paying overtime compensation for all hours worked.

163.    Contrary to all good faith and fair dealing, Scientific Drilling induced Plaintiff Sizemore and the West Virginia Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

164.    By reason of having secured the work and efforts of Plaintiff Sizemore and the West Virginia Class without paying overtime compensation as required by law Scientific Drilling enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiff Sizemore and

the West Virginia Class.

165.    Scientific Drilling retained and continues to retain such benefits contrary to the fundamental principles of justice, equity, and good conscience.

166.    Plaintiff Sizemore and the West Virginia Class are entitled to judgment in an amount equal to the benefits unjustly retained by Scientific Drilling.

### COUNT X
### Violation of Colorado Wage Laws
### (On Behalf of Plaintiffs Beyer, Gausen and Monica and the Colorado Class)

167.    All previous paragraphs are incorporated as though fully set forth herein.

168.    Overtime compensation due to Colorado workers is governed by the Colorado Minimum Wage Act ("CMWA"), COLO. REV. STAT. §§ 8-6-101 *et seq.*, as implemented by COLO. CODE REGS. §§ 1103-1:2 *et seq.* and the Colorado Wage Act ("CWA") COLO. REV. STAT. §§ 8-4-101 through 8-4-123.

169.    Scientific Drilling is subject to the overtime requirements of the CMWA and CWA, because Scientific Drilling is a commercial support service company that is directly or indirectly engaged in providing service to other commercial firms through the use of service employees such as Plaintiffs Beyer, Gausen and Monica and the Colorado Class.  7 COLO. CODE REGS. §§ 1103-1:1 and 1103-1:2(B).

170.    Plaintiffs Beyer, Gausen and Monica and the Colorado Class are entitled to protection under the CMWA and CWA, because they are employees who provide equipment operations services to Scientific Drilling.  7 COLO. CODE REGS. § 1103-1:2(B).

171.    Plaintiffs Beyer, Gausen and Monica and the Colorado Class are not exempt from the requirements of the CMWA and CWA.

172.    Scientific Drilling is required under Colorado law to pay Plaintiffs Beyer, Gausen

28

and Monica and the Colorado Class for time worked during their scheduled shifts and additional shifts.  7 COLO. CODE REGS. § 1103-1:2.

173.    Scientific Drilling is required under Colorado law to pay Plaintiffs Beyer, Gausen and Monica and the Colorado Class time and one-half (1 ½) the regular rate of pay for any work in excess of: "(1) forty (40) hours per workweek; (2) twelve (12) hours per workday, or (3) twelve (12) consecutive hours without regard to the starting and ending time of the workday (excluding duty free meal periods), whichever calculation results in the greater payment of wages."  7 COLO. CODE REGS. § 1103-1:4.

174.    Scientific Drilling willfully failed to pay Plaintiffs Beyer, Gausen and Monica and the Colorado Class overtime wages at a rate of one and one-half (1 ½) times their regular rate of pay for all hours worked over forty (40) hours in a workweek to which they are entitled under 7 COLO. CODE REGS. § 1103-1:4.

175.    Specifically, Scientific Drilling, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiffs Beyer, Gausen and Monica and the Colorado Class for all their overtime hours worked by misclassifying Plaintiffs Beyer, Gausen and Monica and the Colorado Class as employees exempt from the requirements of the CMWA and CWA.

176.    Scientific Drilling's CMWA and CWA violations have caused Plaintiffs Beyer, Gausen and Monica and the Colorado Class irreparable harm for which there is no adequate remedy at law.

177.    Scientific Drilling also failed to make, keep and preserve records with respect to Plaintiffs Beyer, Gausen and Monica and the Colorado Class sufficient to determine their wages, hours, and other conditions of employment, in violation of COLO. REV. STAT. §§ 8-4-103(4)-(4.5) and 7 COLO. CODE REGS. § 1103-1:12.

178.    Pursuant to COLO. REV. STAT. § 8-6-118, employers, such as Scientific Drilling, who intentionally fail to pay an employee wages in conformance with the CMWA and CWA shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

179.    In violating the CMWA and CWA, Scientific Drilling acted willfully and with reckless disregard of clearly applicable CMWA and CWA provisions.

## COUNT XI
### Violation of North Dakota Wage Laws
### (On behalf of Plaintiffs Beyer, Gausen and Monica and the North Dakota Class)

180.    All previous paragraphs are incorporated as though fully set forth herein.

181.    Title 34 of the North Dakota Century Code and its implementing regulations ("North Dakota Wage Laws") require that employees be compensated for all hours worked in excess of forty (40) hours per week at a rate not less than one and one-half (1 ½) times the regular rate at which he is employed.  *See* N.D. CENT. CODE § 34-06; N.D. ADMIN. CODE § 46-02-07-02(4).

182.    The North Dakota Wage Laws define "employer" broadly to include "any person or group of persons acting in the interest of an employer in relation to any employee." N.D. CENT. CODE § 34-06-01(3).

183.    Scientific Drilling is subject to the wage requirements of the North Dakota Wage Laws because Scientific Drilling is an "employer" under N.D. CENT. CODE § 34-06-01(3).

184.    During all relevant times, Plaintiffs Beyer, Gausen and Monica and the North Dakota Class are covered employees entitled to the above-described North Dakota Wage Laws' protections. *See* N.D. CENT. CODE § 34-06-01(2).

185.    Plaintiffs Beyer, Gausen and Monica and the North Dakota Class are not exempt

from the requirements of the North Dakota Wage Laws.

186.    Plaintiffs Beyer, Gausen and Monica and the North Dakota Class are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to N.D. Cent. Code § 34-06 and N.D. Admin. Code § 46-02-07-02(4).

187.    Scientific Drilling willfully violated Plaintiffs Beyer, Gausen and Monica and the North Dakota Class' rights by failing to pay them the legally required amount of overtime compensation at rates not less than one and one-half (1 ½) times the regular rate of pay for all hours worked by them in excess of forty (40) in a workweek in violation of the North Dakota Wage Laws, specifically N.D. Cent. Code § 34-06 and N.D. Admin. Code § 46-02-07-02(4).

188.    Scientific Drilling, pursuant to their policies and practices, failed and refused to pay overtime premiums to Plaintiffs Beyer, Gausen and Monica and the North Dakota Class for all their overtime hours worked by misclassifying Plaintiffs Beyer, Gausen and Monica and the North Dakota Class as employees exempt from the requirements of the North Dakota Wage Laws.

189.    Scientific Drilling's North Dakota Wage Laws violations have caused Plaintiffs Beyer, Gausen and Monica and the North Dakota Class irreparable harm for which there is no adequate remedy at law.

190.    Scientific Drilling knowingly failed to compensate Plaintiffs Beyer, Gausen and Monica and the North Dakota Class at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of N.D. Admin. Code §§ 46-02-07-02(4) and 46-03-01-01(5).

191.    Pursuant to North Dakota Wage Laws, employers, such as Scientific Drilling, who intentionally fail to pay an employee wages in conformance with North Dakota Wage Laws

shall be liable to the employee for the wages or expenses that were intentionally not paid, court costs and attorneys' fees incurred in recovering the unpaid wages.

192.    In violating the North Dakota Wage Laws, Scientific Drilling has acted willfully and with reckless disregard of clearly applicable provisions of the North Dakota Wage Laws.

**COUNT XII**
**Unjust Enrichment Under North Dakota Law**
**(On Behalf of Plaintiffs Beyer, Gausen and Monica and the North Dakota Class)**

193.    All previous paragraphs are incorporated as though fully set forth herein.

194.    Scientific Drilling has received and benefited from the uncompensated labors of Plaintiffs Beyer, Gausen and Monica and the North Dakota Class, such that to retain said benefit without compensation would be inequitable and rise to the level of unjust enrichment.

195.    At all relevant times hereto, Scientific Drilling devised and implemented a plan to increase its earnings and profits by fostering a scheme of securing work from Plaintiffs Beyer, Gausen and Monica and the North Dakota Class without paying overtime compensation for all hours worked.

196.    Contrary to all good faith and fair dealing, Scientific Drilling induced Plaintiffs Beyer, Gausen and Monica and the North Dakota Class to perform work while failing to pay overtime compensation for all hours worked as required by law.

197.    By reason of having secured the work and efforts of Plaintiffs Beyer, Gausen and Monica and the North Dakota Class without paying overtime compensation as required by law, Scientific Drilling enjoyed reduced overhead with respect to their labor costs, and therefore realized additional earnings and profits to its own benefit and to the detriment of Plaintiffs Beyer, Gausen and Monica and the North Dakota Class.

198.    Scientific Drilling retained and continues to retain such benefits contrary to the

32

fundamental principles of justice, equity, and good conscience.

199.    Plaintiffs Beyer, Gausen and Monica and the North Dakota Class are entitled to judgment in an amount equal to the benefits unjustly retained by Scientific Drilling.

## PRAYER FOR RELIEF

Wherefore, Plaintiffs seek the following relief on behalf of themselves and all others similarly situated:

A.    An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

B.    Prompt notice by U.S. direct mail and all other reasonably and appropriate means, pursuant to 29 U.S.C. § 216(b), of this litigation to all members of the FLSA Class;

C.    An order permitting this litigation to proceed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of the State Law Classes;

D.    Back pay damages (including unpaid overtime compensation, unpaid spread of hours payments, and unpaid wages) and prejudgment interest to the fullest extent permitted under the law;

E.    Liquidated damages to the fullest extent permitted under the law;

F.    Plaintiffs' and the Classes' litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

G.    Such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a trial by jury for all issues of fact.

Dated:  March 27, 2015                          Respectfully submitted,

                                                BERGER & MONTAGUE, P.C.

                                                /s Shanon J. Carson
                                                Shanon J. Carson (PA 85957)
                                                Sarah R. Schalman-Bergen (PA 206211)
                                                Alexandra L. Koropey (PA 315240)
                                                BERGER & MONTAGUE, P.C.
                                                1622 Locust Street
                                                Philadelphia, PA 19103
                                                Telephone: (215) 875-3000
                                                Facsimile: (215) 875-4604
                                                scarson@bm.net
                                                sschalman-bergen@bm.net
                                                akoropey@bm.net

                                                Richard J. (Rex) Burch*
                                                State Bar. No. 24001807
                                                James A. Jones*
                                                State Bar. No. 10908300
                                                BRUCKNER BURCH, PLLC
                                                8 Greenway Plaza, Suite 1500
                                                Houston, TX 77046
                                                Telephone: (713) 877-8788
                                                rburch@brucknerburch.com
                                                jjones@brucknerburch.com

                                                David A. Hughes*
                                                State Bar No. ASB-3923-U82D
                                                HARDIN & HUGHES, LLP
                                                2121 14th Street
                                                Tuscaloosa, AL35401
                                                Telephone (205) 344-6690
                                                Facsimile (205) 344-6188
                                                dhughes@hardinhughes.com

                                                *Attorneys for Plaintiffs
                                                and the Proposed Classes*

                                                *Application for Admission to be Filed*